Filed 1/26/21  P. v. Parker CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEWAYNE KEITH PARKER,<br><br>Defendant and Appellant. | F079785<br><br>(Super. Ct. No. P16900179-3)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from orders of the Superior Court of Fresno County.  Mark E. Cullers, Judge.

Peggy A. Headley, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Poochigian, Acting P.J., Meehan, J. and DeSantos, J.

Appointed counsel for defendant Dewayne Keith Parker asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

On March 27, 2012, defendant was convicted by plea of vehicle manslaughter with gross negligence (Pen. Code, § 192, subd. (c)(1); count 1) and corporal injury to a spouse (Pen. Code, § 273.5, subd. (a)). The trial court sentenced him to eight years in prison.

On July 9, 2016, defendant was released on parole. His parole was scheduled to expire on April 13, 2021.

On July 26, 2019, defendant's parole officer filed a petition for revocation of defendant's parole, alleging various parole violations.

At a parole violation hearing on July 30, 2019, defendant informed the trial court he wished to admit the allegation that he failed to enroll in an outpatient drug treatment program. Defense counsel stated the admission was against his advice. But defendant insisted. The court advised him of the various rights he was giving up and defendant responded that he understood. He also stated he had had enough time to discuss the rights with counsel. Defendant admitted the allegation, stating he was doing so because it was true; he said he knew the conduct was a violation of parole. The court found his admission voluntarily and knowingly made. The court found he had violated parole. It ordered 100 days in custody, awarded credits, and reinstated parole under the original terms and conditions.

2.

On August 6, 2019, defendant filed a letter stating he wished to appeal the court's order.

We have reviewed the record and find no arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The trial court's July 30, 2019 orders are affirmed.